UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MAURICE CARTWRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 5:22-cv-849-ACA-GMB |
| ) | |
| JEFFERY BALDWIN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on June 30, 2023 recommending that the court dismiss Petitioner Maurice Cartwright's petition for writ of habeas corpus with prejudice. (Doc. 9). This matter is before the court on a review of Mr. Cartwright's objections to the report and recommendation. (Doc. 12).

Mr. Cartwright asserts that the magistrate judge erred in finding that the Alabama Court of Criminal Appeals' ("ACCA") opinion was not contrary to or an unreasonable application of federal law. (Doc. 12 at 1, 3). Specifically, he argues that the ACCA's application of *Clark v. Arizona*, 548 U.S. 735 (2006) was unconstitutional. (Id. at 2–6). Mr. Cartwright also contends that the ACCA's alternative ruling under Alabama Rule of Evidence 403 violated his constitutional right to put on a defense and was contrary to and an unreasonable application of federal law. (*Id.* at 6–8). The court disagrees with both arguments.

Mr. Cartwright's objections ignore the deferential habeas standard. Although framed in habeas language, Mr. Cartwright essentially asks the court to look at the issue in the first instance. But the court cannot. While Mr. Cartwright's argument may be a reasonable interpretation of the proposed evidence, the problem for Mr. Cartwright is that the habeas standard does not ask if the petitioner's argument is reasonable. *See Wood v. Allen*, 558 U.S. 290, 301 (2010). ("[E]ven if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (cleaned up). Instead, it asks the court to determine whether the ACCA's determination was unreasonable. Those are two very different questions. Here, as explained by the magistrate judge, the ACCA's determination is one reasonable interpretation of the proposed evidence. (Doc. 9 at 14–19). It is not the only reasonable interpretation, but again, that is not for the court to decide on habeas review. And this is especially true in light of the alternative holding by the ACCA under Alabama Rule of Evidence 403.

Pursuant to Rule 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Ala. R. Evid. 403. Here, the ACCA found that "even if this Court found the evidence to be offered for some permissible purpose," "the circuit court did not abuse its discretion in prohibiting expert testimony to show Mr.

2

Cartwright's mental disability . . . because . . . such evidence, when there is no diminished capacity defense, would only confuse and mislead the jury." (Doc. 4-25 at 37). Mr. Cartwright offers his own opinion that his expert's testimony "would not have been the least bit confusing or sufficiently prejudicial to warrant its exclusion" since he did not raise an insanity defense. (Doc. 12 at 8). But subjectivity is not part of the habeas standard. *See Williams v. Taylor*, 529 U.S. 362, 365 (2000) ("Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."). The trial court was within its discretion to exclude the proffered testimony based on the danger of confusion or prejudice to the jury. And the trial judge was under no obligation to allow the testimony with a limiting instruction, as suggested by Mr. Cartwright. (*See* doc. 12 at 8). Accordingly, the ACCA's conclusion that the trial court did not abuse its discretion was not contrary to or an unreasonable application of federal law.

For these reasons, the court **OVERRULES** Mr. Cartwright's objections.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court WILL DISMISS the petition for writ of habeas corpus **WITH PREJUDICE.** The court will enter a separate final judgment.

Rule 11 of the Rules Governing § 2254 Petitions requires the court to issue or deny a certificate of appealability when the court enters an order adverse to the petitioner. Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts. This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted). The court finds that Mr. Cartwright has not satisfied either standard. Accordingly, the court **WILL DENY** a certificate of appealability.

**DONE** and **ORDERED** this August 17, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE